NO. 07-03-0185-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MAY 10, 2004



______________________________




ROBERT BARRON JONES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 44,564-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

MEMORANDUM


 Following his plea of not guilty, appellant Robert Barron Jones was convicted by a
jury of aggravated sexual assault, enhanced, and punishment was assessed by the court
at life imprisonment. In presenting this appeal, counsel has filed an Anders (2) brief in support
of a motion to withdraw. We affirm and grant counsel's motion to withdraw.

 In support of his motion to withdraw, counsel has certified that he has diligently
reviewed the record and, in his opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, he concludes the appeal is frivolous and without
merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel
has discussed why, under the controlling authorities, there is no error in the court's
judgment. Counsel has also shown that he sent a copy of the brief to appellant, and
informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel
has demonstrated that he notified appellant of his right to review the record and file a pro
se brief if he desired to do so. Appellant did not file a pro se response and the State did
not favor us with a brief.

 Appellant was accused of sexually assaulting J.C., a boy under the age of 14 on
April 5, 2001. J.C.'s mother and appellant's brother were married on April 7, 2001. On the
day of the wedding, J.C. was staying with appellant's mother, whom he referred to as
grandma, and told her he had a secret. J.C. made an outcry statement to her indicating
appellant had licked his private part. On the day after the wedding, appellant's mother told
J.C.'s mother what he had revealed. At a later time, J.C. was taken to The Bridge
Children's Advocacy Center for an interview and to make a videotaped statement. 
Following a jury trial, appellant was convicted of aggravated sexual assault, enhanced, and
at his election, punishment was assessed by the court at confinement for life.

 By the Anders brief, counsel thoroughly and candidly reviews all stages of the
proceedings from voir dire to sentencing before concluding that no reversible error is
presented. Numerous pre-trial motions were filed by trial counsel. A review of the record
also demonstrates that requirements of the Texas Code of Criminal Procedure and
evidentiary rules were followed. Also, under Jackson v. Virginia, 443 U.S. 307, 319, 99
S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), and Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App. 2000), the evidence is legally and factually sufficient to support appellant's
conviction.

 The State urged admission of J.C.'s videotaped statement pursuant to article 38.071
of the Code of Criminal Procedure. Defense counsel objected to its admission under the
statute and on hearsay grounds. After reviewing relevant authorities, the trial court ruled
the videotape was inadmissible.

 Appellate counsel also concludes appellant was provided effective assistance of
counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). Appellant had the advantage of being represented by two appointed attorneys. 
Pre-trial proceedings revealed appellant rejected a 15 year plea offer in exchange for a
guilty plea. During trial counsel conducted effective cross-examination of the State's
witnesses and presented testimony for the defense from appellant's mother and J.C.'s
mother.

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
non-frivolous issues and agree with counsel that the appeal is without merit. Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578
(Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish. 

 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).


PAN STYLE="font-size: 10pt"> None
was found. Consequently, we affirm the judgment of the trial court.


 Brian Quinn

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2002).